**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PHILIP SHAWN DINES,

    Petitioner,

-vs-                                              Case No.  8:07-CV-693-T-30TGW

JAMES McDONOUGH,

    Respondent.
_____/

## O R D E R

Before the Court is Petitioner's Motion to Strike Respondent's Response for Lack of Conformity to Rules Governing Habeas Corpus Proceedings (Dkt. 12).  Petitioner asserts that the Respondent's response (Dkt. 9) is not in compliance with 28 U.S.C. 2254(f), and Rule 5, Rules Governing Section 2254 Cases.  Petitioner argues that the response should be stricken because it does not include references to the state court record and asserts legal argument without citation of authorities.  He also states that because of the inadequacies of the response, he cannot adequately draft a reply to it.

There are several rules which can be used to support sanctions against a party.  For example, Rule 12(f) provides that a motion to strike is appropriate when a pleading contains an "insufficient defense or any redundant, immaterial, impertinent, or scandalous material."  Rule 12(f), Fed. R. Civ. P.  Petitioner did not, however, assert any grounds of this nature for his motion to strike. Failure to comply with the rules and/or orders of the court may result in sanctions against a recalcitrant party pursuant to Rule 37(b)(2) and Rule 37(d), Fed. R. Civ.

P., if the issue is related to discovery. This rule is not applicable in the present case as no discovery was ordered.

Rule 41 provides another vehicle for sanctions against a party, but sanctions under that rule would clearly be inapposite. Under this rule, a dilatory plaintiff's cause of action may be involuntarily dismissed on motion by the defendant(s). Fed. R. Civ. P. 41(b). Pursuant to Rule 11, an "unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Fed. R. Civ. P. 11. Rule 11 is actually intended to discourage litigants from filing inarguable claims in federal court. Fed. R. Civ. P. 11. *See Battle v. Central Sate Hosp.*, 898 F.2d 126, 128 (11th Cir. 1990). Thus, this rule is likewise inapplicable under these circumstances.

The Court does have inherent authority to enforce its orders by sanctioning a party *sua sponte* for lack of prosecution or failure to obey an order. *See Link v. Wabash R. R.,* 370 U.S. 626, 630 (1962) (finding that Rule 41(b) does not restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.,* 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.), *cert. denied,* 510 U.S. 863 (1993) (the court's inherent power to manage actions before it permitted the imposition of fines); *Mingo v. Sugar Cane Growers Co-op,* 864 F.2d 101, 102 (11th Cir. 1989); *Ballard v. Carlson,* 882 F.2d 93 (4th Cir. 1989), *cert. denied, Ballard v. Volunteers of America,* 493 U.S. 1084 (1990); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) (federal courts' inherent

power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction).

While the Court has discretion to impose sanctions of this nature, it should be exercised sparingly. When possible, federal courts will determine cases on their merits, avoiding the temptation to elevate form over function and risk frustrating the ends of justice. *See Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982).

Having reviewed the response, the Court finds that it does address the merits of Petitioner's claims as well as the applicability of controlling statutes and the case law upon which Respondent relies. Moreover, as Petitioner acknowledges in his motion, Respondent has filed exhibits in support of the response (Dkt. 11). Rule 5, Rules Governing Section 2254 Cases, provides that "there shall be attached to the answer such portions of the transcripts as the answering party deems relevant."

Petitioner's assertion that Respondent failed to provide pinpoint citations to the state record in his response is correct. This is not, however, a sufficient basis for the Court to strike the response. There is nothing before this Court which suggests that this oversight should be considered "culpable conduct." Moreover, an order granting the "relief" Petitioner seeks would likely prove contrary to his interests in the effective and efficient use of judicial resources in reaching a just resolution of his claims. Were the Court to strike Respondent's response and exhibits, the order would be without prejudice to Respondent filing an amended response and resubmitting the state record. This would merely delay rather than advance this

matter on the Court's docket.

This outcome is particularly contrary to the interests of justice in a federal habeas case where the petitioner is challenging the state's restraint on his/her liberty as being unlawful. *See* 28 U.S.C. § 2254(a) (federal courts "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Thus, the very sanction Petitioner advocates imposing on Respondent would actually result in prejudice to him. Moreover, Petitioner has filed a reply to the response (Dkt. 13). Therefore, there is simply no benefit for either the parties or the Court in granting Petitioner's motion to strike at this juncture. Petitioner has not presented any legal basis for the Court to find otherwise.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion to Strike (Dkt. 12) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 28, 2007.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to:
All Parties/Counsel of Record