# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PHILIP S. DINES,

    Petitioner,

v.                                                  CASE NO: 8:07-cv-693-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #9) and Petitioner's reply (Dkt. #13). Upon review, the Court determines that the petition must be denied because the state post-conviction court properly applied Federal law and because Petitioner does not present a Constitutional claim.

### BACKGROUND

On April 23, 2003, Philip Shaw Dines ("Petitioner") was convicted of one court burglary of a dwelling and two counts of dealing in stolen property. Petitioner stole two concrete saws from the victim's garage and then pawned the saws. The court sentenced Petitioner to ten years imprisonment on each count to run concurrently, and an additional five

years probation after his release. Petitioner appealed and the state district court affirmed the convictions on March 10, 2004. Dines v. State, 867 So. 2d 621 (Fla. 2d DCA 2004).

On May 13, 2004, Petitioner then filed a pro se motion for post-conviction relief under Florida Rule Criminal Procedure 3.850 ("Rule 3.850"). Petitioner raised six grounds of ineffective assistance of counsel. The Rule 3.850 claim was denied without evidentiary hearing on July 22, 2004. On August 31, 2004, Petitioner filed his notice of appeal on the denial of his Rule 3.850 motion.

The state district court affirmed the denial of Petitioner's Rule 3.850 claim as to grounds two through four and ground six. The state district court affirmed ground one with explanation. Finally, the state district court reversed and remanded the denial of ground five and ordered an evidentiary hearing. Dines v. State, 909 So. 2d 521 (Fla. 2d DCA 2005). The state district court reasoned that "once evidence is excluded in a Richardson[1] hearing, it cannot be admitted for any reason." Id. at 523.

The state post-conviction court conducted an evidentiary hearing on December 16, 2005. The court made a finding of fact adverse to Petitioner and denied relief on ground five. On January 1, 2006, Petitioner appealed the ruling of the court. The state district court issued the mandate affirming the decision on October 24, 2006. Petitioner sought writ of certiorari with the Florida Supreme Court, but the Florida Supreme Court dismissed the application for want of jurisdiction and lack of timeliness.

---

[1]Richardson v. State, 246 So. 2d 771 (Fla. 1971).

On April 23, 2007, Petitioner then brought this federal habeas corpus claim for post-conviction relief under 28 U.S.C. §2254. Petitioner puts forth two grounds for which relief should be granted:

Ground One:  Counsel failed to object to multiple, misleading, prejudicial, inflammatory and prohibited statements posed by the state.

Ground Two:  The trial and appellate courts erred in denying Petitioner's motion for post-conviction relief based on a Richardson violation after an evidentiary hearing at the trial level.

## DISCUSSION

Ground One:  Counsel failed to object to multiple, misleading, prejudicial, inflammatory and prohibited statements posed by the state.

In support of Ground One, Petitioner argues that trial counsel's failure to object to testimony previously excluded by the trial court after a Richardson hearing procedurally prejudiced Petitioner. The state argues that Petitioner fails to meet the Strickland[2] standard because not objecting was reasonable trial strategy and did not prejudice Petitioner at trial.

According to federal statute, federal habeas corpus shall not be granted unless the adjudication of the claim in state court proceedings:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2]Strickland v. Washington, 466 U.S. 668 (1984).

28 U.S.C. §2254(d). In other words, to gain federal habeas corpus relief a petitioner must show that the state court misapplied federal law or made an unreasonable finding of fact.

The Strickland test is used to evaluate an ineffective assistance of counsel claim. Under the two prong Strickland test, a petitioner "must show that counsel's performance was deficient" and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland court further defines non-deficient performance as reasonable performance "under prevailing professional norms." Id. at 688. Under Strickland, prejudice means that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is presumed competent, therefore, a petitioner carries the burden to prove that "counsel's performance was unreasonable." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). In addition, defense counsel is allowed reasonable strategic trial decisions. Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1995).

Petitioner argues that defense counsel should have objected to the recall of a witness who's testimony had been stricken by the trial court. During Petitioner's trial, the trial court held a Richardson hearing and ordered the testimony of a witness be stricken from the record and be disregarded by the jury because it was prejudicial. The trial court determined that the testimony was prejudicial because it was not disclosed to the defense prior to trial in violation of Fla. R. Crim. P. 3.220(b)(1)(C) and (J). Subsequently, the state recalled the witness on rebuttal. Petitioner argues that under Richardson none of the testimony of the witness was

admissible and that defense counsel should have objected to its admission on recall.

The state post-conviction court held an evidentiary hearing on the Petitioner's claim that counsel was ineffective. The state appellate court had ordered the evidentiary hearing. At the evidentiary hearing, the state post-conviction court found that defense counsel's action "was a tactical decision." Dkt. # 9 exh. 6 vol. II at 261. The state post-conviction court also found that the objectionable testimony was immaterial and irrelevant to the trial. Id. The state post-conviction court properly applied both the deficiency and prejudice prongs of the Strickland standard because the court found that defense counsel's actions were reasonable trial strategy and found that Petitioner was not prejudiced by defense counsel's actions.

Even if the decision not to object by defense counsel was deficient and the state court made an unreasonable finding of fact, Petitioner cannot meet his burden under the prejudice prong of Strickland. Petitioner admitted to pawning the saws in his testimony which is essentially what the witness in question testified to in his recall testimony. Petitioner fails to show that if defense counsel had objected to the testimony of the recall witness, the outcome of Petitioner's trial would have been different.

Since the post-conviction trial court properly applied both prongs of the Strickland standard at the evidentiary hearing, Ground One will be denied.

Ground Two:   The trial and appellate courts erred in denying Petitioner's motion for post-conviction relief based on a Richardson violation after an evidentiary hearing at the trial level.

In support of Ground Two, Petitioner argues that the ruling made by the state post-conviction court after the evidentiary hearing was a blatant abuse of discretion in overruling a decision made by the trial court. Petitioner argues that the <u>Richardson</u> rule is to protect his constitutional right to due process and to a fair trial.

Under 28 U.S.C. §2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Specifically, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983).

When a petitioner brings a federal habeas claim under 28 U.S.C. §2254, this Court only evaluates the violation of petitioner's federal or Constitutional rights. Petitioner's main argument puts forth that the state post-conviction courts misapplied the state evidentiary rule expressed in <u>Richardson</u>. The state post-conviction courts made an interpretation of its own laws and rules in regard to Petitioner's <u>Richardson</u> claim. This Court is bound by a state court's interpretation of state law. <u>See</u> <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005) (holding that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"); <u>See</u> <u>also</u> <u>Young</u>

v. Dretke, 356 F.3d 616, 628 (5th Cir. 2004) (finding that a federal habeas court "cannot review the correctness of the state habeas court's interpretation of state law") and Pietri v. Fla. Dept. of Corr., No. 04-81180 Civ., 2008 WL 1805483, at *4 (S.D. Fla. 2008) (stating that state court interpretation of state law must be respected unless unconstitutional). Since this Court is bound by the state court's interpretation of state law, this ground does not present a basis for federal habeas corpus relief.

When Petitioner argues that Richardson is meant to protect due process rights, Petitioner is attempting to transform this ground from a misinterpretation of state law claim to a federal due process claim. Ultimately, Petitioner seeks for this Court to overturn a state court's evidentiary ruling. Federal habeas corpus relief does not stem from state law errors and this Court is limited to deciding if a conviction violated the Constitution or federal law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As pointed out above, this Court must accept the state courts' interpretation of state law. Petitioner does not present a basis for federal habeas corpus relief by mentioning due process while attempting to gain relief from a state court's interpretation of state law.

For the above reasons, Ground Two will be denied.

## Conclusion

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on March 3, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-693.deny 2254.wpd